Requestor: William C. Rosen, Esq., County Attorney County of Sullivan County Government Center Monticello, New York 12701
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether certain functions and duties of the county administrator are compatible.
The duties that you have asked us to review are as follows:
 appoint such assistants within the office as may be authorized by the board of supervisors;
 work in conjunction with and coordinate the activities of county department heads and the administration of all units of county department heads and the administration of all units of county government to most efficiently implement the directives of the board;
 determine in consultation with the chairman of the board, what officer shall perform a particular duty not clearly defined by law or this code;
 execute and enforce all local laws, legalizing acts, ordinances and resolutions of the board of supervisors and all other acts required by operation of law;
 serve as an advisor to the board of supervisors and develop policy and procedural recommendations for consideration of the board;
 undertake research and submit to the board of supervisors reports and recommendations regarding governmental operations as he may deem appropriate or the board of supervisors may request, and provide such assistance to the board and its committees as may be requested by the board;
 serve as liaison between the board and the boards, commissions and advisory committees established by the legislature;
 maintain liaison and represent the board in contacts with political subdivisions, state and federal officials and agencies;
 make recommendations for appointments by the board of supervisors for all heads of units of county government;
 develop and recommend a budget program that includes long-range capital budgeting and annual operating capital budgets under the direction of the legislature; manage the plan for Sullivan County Self-Insurance and Employer's Liability;
 place all county insurance which shall be deemed necessary with the business and property of the county within appropriations set by the board of supervisors;
 provide for the administration of supporting services and facilities for various units of county government, including the supervision of central reproduction mail room and telephone operations;
 establish and maintain as its agent, a uniform purchasing system to provide for the purchase, sale, rental and servicing of all supplies, materials, equipment and services for the county and all its units, including inspection, supervision and determination as to quality and conformity with specifications, and be responsible for compliance therewith;
 participate in the conduct of collective negotiations with organized employee representatives;
 have such other powers and perform such other duties as may now or hereafter be conferred or imposed upon him by the board of supervisors.
Your concern is whether those duties of the county administrator that relate to county finances are compatible.
In our view, it is necessary that fiscal checks and balances be built into any system governing local government finances. In a prior opinion, we noted the fiscal checks and balances found in provisions of the Town Law governing town finances. See, 1986 Op Atty Gen (Inf) 83. In that opinion, we found that these provisions clearly separate the auditing function from the payment function in towns.
The county administrator has responsibility for auditing the bills presented to the county. The payment function, however, is the responsibility of a different officer. Purchases are made by the heads of various departments of county government. The county director of general services has general supervision over the making of purchases.
In our view, the division of fiscal powers in your county preserves fiscal checks and balances necessary to assure accountability. While the county administrator is responsible for auditing bills, the making of purchases and the payment of bills is the responsibility of other officers.
We conclude that the composite powers of the county administrator preserve fiscal checks and balances needed to maintain financial accountability and, therefore, are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.